**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4372**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANDRE ROGERS,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:14-cr-00153-BR-1)

Submitted: January 28, 2106      Decided: February 16, 2016

Before DUNCAN, DIAZ, and FLOYD, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Rogers pled guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a) (2012). The district court imposed a below Guidelines sentence of 90 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues that are reviewable in light of Rogers' appellate waiver, but arguing that the district court clearly erred in its calculation of Rogers' Guidelines range at sentencing. The Government has filed a motion to dismiss the appeal on the ground that Rogers knowingly and intelligently waived the right to appeal his conviction and sentence. Rogers' counsel opposes the Government's motion as premature. We grant the Government's motion to dismiss in part and dismiss Rogers' appeal of his sentence, and we deny the motion in part and affirm Rogers' conviction.

We review de novo a defendant's waiver of appellate rights. United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). A defendant may waive the right to appeal as part of a valid plea agreement. United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). In assessing whether an appellate waiver bars a defendant's appeal, we analyze both the validity and the scope of the waiver. United States v. Blick, 408 F.3d 162, 171 n.10

(4th Cir. 2005). To determine whether Rogers knowingly and intelligently waived his appellate rights, we look "to the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Copeland, 707 F.3d at 528 (internal quotation marks omitted).

We will enforce a valid waiver so long as "the issue appealed is within the scope of the waiver." Copeland, 707 F.3d at 528. We conclude that Rogers' challenge to the calculation of his Guidelines range falls within the scope of the appellate waiver provision in the plea agreement. Therefore, we grant the Government's motion to dismiss in part and dismiss Rogers' appeal of his sentence.

The appellate waiver does not, however, preclude our review of a challenge to the voluntariness of Rogers' plea. See United States v. Attar, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994). We have reviewed the plea colloquy for plain error and conclude that any errors or omissions in the plea colloquy did not affect

3

Rogers' substantial rights.  See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (stating standard of review); see also Henderson v. United States, 133 S. Ct. 1121 (2013) (detailing plain error standard).  We therefore deny in part the Government's motion to dismiss and affirm Rogers' conviction.

In accordance with Anders, we have reviewed the entire record and have found no unwaived potentially meritorious grounds for appeal.  This court requires that counsel inform Rogers, in writing, of the right to petition the Supreme Court of the United States for further review.  If Rogers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Rogers.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART